1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| DAVID ROWLAND YOUNG, | Case No. CV 12-7989 GHK(JC) |
|---|---|
| Plaintiff, | (PROPOSED) |
| v. | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| TOURE MUHAMMAD, | |
| Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the records in this case, including the Original Complaint, the First Amended Complaint, the currently operative Second Amended Complaint, the October 3, 2012 and December 6, 2012 Orders of the United States Magistrate Judge dismissing the Original Complaint and portions of the First Amended Complaint ("Dismissal Orders"), this Court's February 10, 2015 Order Accepting Findings, Conclusions and Recommendation of United States Magistrate Judge ("February Order"), all documents filed in support of and in opposition to defendant Toure Muhammad's July 17, 2015 Motion for Summary Judgment ("Motion for Summary Judgment") (including a transcript of plaintiff's deposition ("Depo.")), the December 22, 2015 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R") (including the Dismissal Orders which are

1  incorporated therein), and Plaintiff's Objections to the Report and

2  Recommendation ("Objections" or "Obj.").

3      The Court has further made a *de novo* determination of those portions of the

4  Report and Recommendation to which objection is made,[1] and makes the following

5  rulings thereon:

6          Objection No. 1 (Obj. at 4) – that footnote 6, on page 3 of the Report

7          and Recommendation, which describes plaintiff's underlying conviction and

8          sentence should not be included – is SUSTAINED IN PART – to the extent

9          it requests that this Court deem such footnote superfluous and not consider it

10         – and is OVERRULED AS MOOT in part, as the information reflected

11         therein is not material to resolution of the Motion for Summary Judgment.

12         Objection No. 2 (Obj. at 4) – that the Report and Recommendation

13         incorrectly treats a specified matter as "uncontroverted" – is OVERRULED.

14         Contrary to plaintiff's contention, the statement in the Report and

15         Recommendation that other Muslim inmates had become upset *"[i]n*

16         *response"* to plaintiff's disagreement "with everything in the Quran" (R&R

17         at 5:4-6) reflects, almost verbatim, plaintiff's own deposition testimony

18         (Depo. at 74:8-16), and thus is considered an uncontroverted fact for

19         purposes of summary judgment.  Cf., e.g., <u>Leslie v. Grupo ICA</u>, 198 F.3d

20         1152, 1157 (9th Cir. 1999) (on summary judgment court may disregard

21         "sham" affidavit "that a party files to create an issue of fact by contradicting

22         the party's prior deposition testimony").

23         Objection No. 3 (Obj. at 5) – that the Report and Recommendation

24         characterizes plaintiff's claim that defendant was "enraged," as merely  an

25         "assertion" by plaintiff even though it is an "undisputed fact" (R&R 5:13-

26

27     [1]This Court declines to consider new arguments raised for the first time in the Objections.
    <u>See</u> <u>United States v. Howell</u>, 231 F.3d 615, 621 (9th Cir. 2000), <u>cert. denied</u>, 534 U.S. 831

28     (2001).

15) – is OVERRULED.  It is immaterial whether the statement that defendant Toure had become "enraged" during the August 10 Service (as that term is defined in the Report and Recommendation) is characterized as plaintiff's personal assertion or as an "uncontroverted" fact since the Report and Recommendation presumed such fact to be true in its analysis.  (R&R at 11:24-26).

Objection No. 4 (Obj. at 5-6) – that the Report and Recommendation implies that it is uncontroverted that defendant only intended temporarily to remove plaintiff from Muslim services – is SUSTAINED IN PART AND OVERRULED IN PART.  Although the Court does not read the sentence in issue (R&R 5:20-23) to make the implication suggested by plaintiff, the Court, for clarification, nonetheless replaces such sentence with the following:  "Thereafter, plaintiff was removed from the Ramadan list and Muslim services, but plaintiff was reinstated on or about August 26, 2011 after he successfully appealed the removals.  (SUF ¶¶ 16-17, 19; SAC at 5A-5B; Toure Decl. ¶¶ 8-10; Toure Ex. A; Depo. at 82)."  To the extent Objection No. 4 seeks any other relief, it is OVERRULED.

Objection No. 5 (Obj. at 5) – that the Report and Recommendation suggests that it is uncontroverted that plaintiff is content and able to fulfill his religious duties properly while confined in his cell and not attending religious services – is OVERRULED.  The Report and Recommendation's statement in issue – that plaintiff was "still able to practice his Islamic religion in his cell" at Centinela State Prison (R&R 6:14-17 (citing SUF ¶ 23; Depo. at 52-53)) is a correct characterization of the uncontroverted facts, and does not, as plaintiff contends, "suggest[] . . . that plaintiff is contented" with such an arrangement.

///

1    Objection No. 6 (Obj. at 6-7) – essentially that the Report and

2    Recommendation fails to consider other alleged instances of defendant's

3    retaliation post-dating the August 10 Incident (as defined in the R&R) – is

4    OVERRULED.  As the Report and Recommendation correctly indicates

5    (R&R at 2 n.3), this Court previously dismissed plaintiff's claims in the

6    Second Amended Complaint predicated on misconduct which allegedly

7    occurred after the August 10 Incident.  (Docket No. 90).

8    Objection Nos. 7-21 (Obj. at 7-12) are OVERRULED.  Such

9    objections essentially make the same arguments which plaintiff previously

10   raised in opposition to the Motion for Summary Judgment, and which the

11   Report and Recommendation properly concluded had no merit, and/or  assert

12   sweeping and unspecified challenges to the analysis underlying the Report

13   and Recommendation's findings and conclusions.

14   Except to the extent the Objections have been sustained as noted above, the

15   Court agrees with, and approves and accepts the Report and Recommendation

16   (including the Dismissal Orders which are incorporated therein).

17   IT IS HEREBY ORDERED THAT:  (1) the Original Complaint and the

18   First Amended Complaint (except to the extent it asserts First Amendment free

19   exercise and retaliation claims against defendant Muhammad in his individual

20   capacity) are dismissed for the reasons stated in the Dismissal Orders;

21   (2) defendant Toure Muhammad's Evidentiary Objections to Plaintiff's Opposition

22   Evidence to the Motion for Summary Judgment are overruled as moot; (3) the

23   Motion for Summary Judgment is granted; and (4) in accordance with this Order

24   granting the Motion for Summary Judgment and the February Order, Judgment is

25   to be entered in favor of defendants Captain Gonzalez and Toure Muhammad and

26   against plaintiff.

27   ///

28   ///

1        IT IS FURTHER ORDERED that the Clerk serve copies of this Order and

2 the Report and Recommendation on plaintiff and counsel for defendants.

3        IT IS SO ORDERED

4        DATED:    2/24/16       _____

5                        HONORABLE GEORGE H. KING
                           CHIEF UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28